## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SAMUEL MANN, MACKENZY HAMBY, NATHANIEL HAMBY, and KEVIN TRUNNELL, individually and on behalf of all similarly-situated persons, | Civil Action No. |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| EMERGENT TECHNOLOGIES GROUP, L.L.C. and RONALD PEARCEY, | |
| Defendants. | |

## <u>COLLECTIVE ACTION COMPLAINT</u>

Plaintiffs Samuel Mann, Mackenzy Hamby, Nathaniel Hamby, and Kevin Trunnell (collectively, "Plaintiffs") bring this action against Defendants Emergent Technologies Group, L.L.C. ("Emergent") and Ronald Pearcey (collectively with Emergent, "Defendants"). Plaintiffs bring claims under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") on behalf of themselves and other similarly-situated persons who Defendants deprived of overtime and minimum wages. Plaintiffs seek unpaid overtime and minimum wages, liquidated damages,

interest, and attorneys' fees and costs on their FLSA claims.  Plaintiffs also assert individual Georgia state-law claims against Emergent for breach of contract and, in the alternative, *quantum meruit*, promissory estoppel, and unjust enrichment. Finally, Plaintiffs assert an individual claim for reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.  Plaintiffs show the Court as follows:

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.     Plaintiffs bring individual and collective claims under the FLSA and allege on behalf of themselves, and other current and former Linemen and other similarly-situated persons who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), (the "Collective Action") that:

    a.     Plaintiffs and the persons who opt into the Overtime Collective (defined herein) were misclassified by Defendants as independent contractors and are, *inter alia*, entitled to (i) unpaid overtime wages for all hours worked in excess of 40 during each week during the relevant time period; (ii) liquidated damages with respect to the unlawfully withheld tips; (iii) interest; and (iv) attorneys' fees and costs; and that

b.    Plaintiffs and the persons who opt into the Minimum Wage Collective (defined herein) are, *inter alia*, entitled to (i) unpaid minimum wages from Defendants for work for which they did not receive the proper minimum wage; (ii) liquidated damages with respect to the minimum wages; (iii) interest; and (iv) attorneys' fees and costs.

The Overtime Collective and Minimum Wage Collective are jointly referred to throughout this Complaint as the "FLSA Collectives."

2.    Plaintiffs also assert five (5) individual claims against Emergent under Georgia law.  First, Plaintiffs asserts a claim for breach of contract arising from Emergent's failure to pay wages due for approximately two weeks' worth of work that Plaintiffs performed for Emergent (Count V).  In the alternative, Plaintiffs assert equitable claims for *quantum meruit*, promissory estoppel, and unjust enrichment (Counts VI–VIII).  Lastly, Plaintiffs assert a claim for their expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11 (Count IX).

## JURISDICTION AND VENUE

3.    This Court has federal-question jurisdiction over this FLSA Collective Action Complaint pursuant to 28 U.S.C. § 1331.

4.     Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiffs' state-law claims because such claims relate to Plaintiffs' employment with Defendants and Defendants' compensation practices, and are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

5.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) and Local Rule 3.1(B) because (i) Emergent is a Georgia limited-liability company with its Principal Office Address in the Atlanta Division of the Northern District of Georgia, and (ii) upon information and belief, Defendant Pearcey is a resident of the State of Georgia.

## **PARTIES**

6.     Plaintiffs Samuel Mann, Mackenzy Hamby, and Nathaniel Hamby are U.S. citizens and residents of the State of Kentucky.  Plaintiff Kevin Trunnell is a U.S. citizen and resident of the state of Illinois.  Plaintiffs submit themselves to the jurisdiction of this Court.

7.     Plaintiff Samuel Mann was employed by Defendants as a Lineman from approximately June 2021 until the end of September 2021.  His Consent to Join this action is Exhibit A to this Complaint.

8.    Plaintiff Mackenzy Hamby was employed by Defendants as a Lineman from approximately June 2021 until the end of September 2021.  His Consent to Join this action is <u>Exhibit B</u> to this Complaint.

9.    Plaintiff Nathaniel Hamby was employed by Defendants as a Lineman from approximately August 2021 until the end of September 2021.  His Consent to Join this action is <u>Exhibit C</u> to this Complaint.

10.    Plaintiff Kevin Trunnell was employed by Defendants as a Lineman from approximately August 2021 until the end of September 2021.  His Consent to Join this action is <u>Exhibit D</u> to this Complaint.

11.    Plaintiffs were Defendants' "employees" within the meaning of the FLSA at all times relevant to this Complaint

12.    Emergent is a Georgia limited-liability company with its Principal Office Address at 5390 Sandy Lake East, Lithonia, Georgia 30038, where Emergent's registered agent, Ronald Pearcey, may be served.

13.    At all relevant times, Emergent has been, and continues to be, an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

14.    On information and belief, Emergent has had an annual gross volume of sales made or business done in excess of $500,000 at all relevant times.

15.     Emergent was the employer of Plaintiffs and the other members of the FLSA Collectives within the meaning of the FLSA at all times relevant to this Complaint.

16.     On information and belief, Defendant Pearcey is a Georgia resident who conducts business in the Atlanta Division of the Northern District of Georgia.

17.     At all relevant times, Defendant Pearcey asserted control of Emergent's day-to-day operations, had ultimate responsibility for the supervision of Plaintiffs and the other members of the FLSA Collectives, and made the decision not to pay Plaintiffs and the other members of the FLSA Collectives overtime and/or minimum wages as required by the FLSA, and is therefore an "employer" within the meaning of the FLSA.

18.     Defendants are governed by and subject to 29 U.S.C. §§ 206 and 207.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiffs bring this action on behalf of themselves and all other similarly-situated persons pursuant to 29 U.S.C. § 216(b).

20.     Plaintiffs seek to represent the following two groups of similarly-situated persons pursuant to 29 U.S.C. § 216(b):

      a.     First, persons who were, or are, employed by Defendants

              as   non-exempt   Linemen—or   performing   materially

similar work to Linemen—at any time within the period

beginning three (3) years prior to filing this action (the

"relevant time period"), who Defendants: misclassified as

independent contractors; paid a flat daily rate for all time

worked, regardless of the number of hours worked per day

or the number of hours worked per week; and did not pay

overtime at the required rate for hours worked in excess of

40 per workweek (the "Overtime Collective"); and

b.      Second, persons who were, or are, employed by

Defendants as non-exempt Linemen—or performing

materially similar work to Linemen—at any time within

the relevant time period who Defendants misclassified as

independent contractors and who did not receive minimum

wage at the federally-mandated rate for every hour in a

workweek (the "Minimum Wage Collective").

21.     Plaintiffs and the other members of the FLSA Collectives do not meet

the criteria for any recognized exemption to the FLSA's overtime or minimum wage

requirements.

22.    The FLSA Collectives are so numerous that individual joinder of all members is impracticable and would not further the intent of 29 U.S.C. § 216(b). The precise number of persons within the FLSA Collectives is unknown, and the information permitting a determination of the number of members of the FLSA Collectives lies within the sole possession of Defendants.  However, there are, upon information and belief, at least seven (7) members of the FLSA Collectives, several of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

23.    Plaintiffs will fairly and adequately protect the interests of the members of the FLSA Collectives and have retained counsel experienced and competent in wage and hour law and collective-action litigation.

24.    Questions of law and fact common to the members of the FLSA Collectives predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members of the FLSA Collectives.

25.    Members of the Overtime Collective are similarly situated under the FLSA because, *inter alia*:

a.    They held the same or materially similar positions with Defendants during the relevant period;

b.    They had the same or materially similar job duties during the relevant time period;

c.    Defendants, applying a policy and practice common to the Collective, encouraged and/or knowingly permitted Collective members to work more than 40 hours per week;

d.    Defendants, applying a policy and practice common to the FLSA Collectives, misclassified Plaintiffs and the other members of the FLSA Collectives as independent contractors;

e.    Members of the Overtime Collective worked more than 40 hours per week during one or more weeks during the relevant time period; and

f.    Defendants, applying a policy and practice common to the Overtime Collective, failed to pay Overtime Collective members overtime compensation at a rate of one-and-one-half times their regular rate of pay for all time worked in excess of 40 hours per week;

26.    Members of the Minimum Wage Collective are similarly situated under the FLSA because, *inter alia*:

a. They held the same or materially similar positions with Defendants during the relevant period;

b. They had the same or materially similar job duties during the relevant time period;

c. Defendants, applying a policy and practice common to the FLSA Collectives, misclassified Plaintiffs and the other members of the FLSA Collectives as independent contractors; and

d. Defendants failed to pay members of the Minimum Wage Collective the minimum wage required by the FLSA by, *inter alia*, failing to pay members of the Minimum Wage Collective any wages for approximately two weeks of work performed in September 2021.

## ADDITIONAL FACTUAL ALLEGATIONS

27.   Emergent is a Georgia limited-liability company that does business in the Southeastern United States.   It contracts with third parties to install telecommunication networks, including fiber-optic networks.

28.   Defendants employed Plaintiffs and the other members of the FLSA Collectives as Linemen.

29.     Defendants employed Plaintiffs and the other Linemen to provide telecommunication-installation services, including the hanging or burying of fiber-optic lines, to third-party clients with which Emergent had contracted to provide such services.

30.     Throughout the relevant time period, Defendants misclassified Plaintiffs and the other Linemen as independent contractors.

31.     Plaintiffs and the other Linemen were paid a flat daily rate for each workday, regardless of the number of hours worked per day or hours worked each week in excess of 40. Defendants made these payments directly to Plaintiffs and the other Linemen via a variety of payment applications, such as Cash App or Venmo.

32.     With respect to Plaintiffs' compensation, Defendants paid Plaintiffs a flat rate of $250.00 per workday. On information and belief, the other Linemen employed by Defendants were also paid a flat per-day rate without overtime compensation for time worked in excess of 40 hours per workweek.

33.     Defendants' Linemen's primary duties were, generally: to drive from their homes to the third-party's central location, where they received their work orders for the day from their Supervisor, Cody Anglin; to pick up the company trucks and equipment provided by Defendants; to fulfill the work orders provided to them

at the beginning of each day; and to return Defendants' trucks and equipment at the end of each workday before driving home.

34.    Defendants' Linemen reported directly to Mr. Anglin, who was also employed by Defendants.  Mr. Anglin was responsible for providing the Linemen with the jobs that had been assigned to them by Defendants.  Mr. Anglin also facilitated communications between Defendants and the Linemen.

35.    Defendants directed the Linemen's day-to-day job activities, including, without limitation: setting their regular work schedules, setting their rates of pay, assigning their work, and determining their work location.

36.    Defendants provided materially all the investment in the equipment that the Linemen used to perform their jobs, including providing the trucks and network-installation equipment used the Linemen, and providing training to new Linemen.

37.    Plaintiffs and the other Linemen made little, if any, investment in Defendants' business enterprise.

38.    Plaintiffs' and the other Linemen's wages depended solely on the number of days that they worked.  Managerial skill and individual initiative were not material factors in Plaintiffs' and the other Linemen's compensation because, *inter alia*, they: did not supervise other employees; did not make hiring or firing

decisions; were assigned job duties by Defendants; and were paid a flat daily rate without regard to the number of hours worked each day or each week.

39.    As an example, Defendants' Linemen traveled to a warehouse in Tennessee owned by Mastech, a third-party company with which Emergent had contracted to provide fiber-optic installation services, where they would pick up their company-provided trucks and equipment and perform the jobs assigned to them by Mr. Anglin.  After the Linemen completed the jobs that had been assigned to them for the day, they would return to Mastech's warehouse to drop off Emergent's trucks and equipment before returning to their homes.

40.    Plaintiffs and the other Linemen worked substantial hours in excess of 40 per week.  More specifically, Plaintiffs each worked, on average, 60–75 hours per workweek throughout their employment with Defendants, exclusive of drive time to or from work.  On information and belief, Defendants' other Linemen worked similar hours each week.

41.    Defendants knew or should have known Plaintiffs and the other Linemen worked substantial hours in excess of 40 per week because Mr. Anglin had actual knowledge of Plaintiffs' and the other Linemen's work hours via his communications with, and supervision of, Plaintiffs and the other Linemen.

42.    On or about September 24, 2021, Plaintiffs and the other Linemen did not receive compensation for the prior two-week period, during which Plaintiffs and Defendants' other Linemen worked approximately ten (10) days. Defendant Pearcey informed Plaintiffs and the other Linemen that Defendants did not have the money due to an alleged bank-related issue but promised that all owed wages would eventually be paid.

43.    To date, neither Plaintiffs nor Defendants' other Linemen have been paid the two weeks of pay owed to them.

44.    Defendants did not compensate Plaintiffs and the other Linemen for all hours that they worked beyond 40 per week at one-and-one-half times their regular rate of pay.

45.    On information and belief, Defendants did not keep accurate records of the work hours of Plaintiffs and the other Linemen, as required by the FLSA and its implementing regulations.

46.    Defendants' failure to pay Plaintiffs and the other Linemen one-and-one-half times their regular rates of pay for the hours they worked in excess of 40 per week was pursuant to a policy and practice Defendants intentionally applied to Plaintiffs and their fellow Linemen.

47.     Despite Defendants' knowledge of overtime worked by Plaintiffs and the other Linemen, Defendants continued their widespread practices of (i) encouraging or knowingly permitting members of the Overtime Collective to work overtime hours and (ii) failing to pay Plaintiffs and the other members of the Overtime Collective overtime premium pay when they work overtime hours.

48.     Further, Defendants' failure to pay Plaintiffs and other members of the Minimum Wage Collective the minimum wage mandated by the FLSA for at least two weeks of their employment was part of a widespread practice.

49.     Defendants' FLSA violations were willful and not in good faith.

50.     Defendants have acted in bad faith and caused Plaintiffs unnecessary trouble and expense.

**COUNT I**
**(Individual FLSA Claims Asserted by Plaintiffs against both Defendants)**
**<u>Willful Failure Pay Overtime in Violation of the FLSA</u>**

51.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiffs at a rate of one-and-one-half times their regular rate of pay for hours worked in excess of 40 per week.

52.     At all relevant times, Plaintiffs were engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

53.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs.

54.    At all relevant times, Defendant Pearcey asserted control of Emergent's day-to-day operations, and made the decisions regarding the amount that Plaintiffs and the other members of the Overtime Collective would be compensated, including the decision not to pay Plaintiffs and the other members of the Overtime Collective overtime pay for all hours worked in excess of 40 per week, and is therefore an employer within the meaning of the FLSA.

55.    At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

56.    At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

57.    On information and belief, Defendants have had gross annual revenues in excess of $500,000 at all times relevant to this Complaint.

58.    Throughout the relevant time period, Defendants misclassified Plaintiffs as independent contractors.

59.    On information and belief, Defendants failed to pay Plaintiffs at one-and-one-half times their regular rate of pay for all time worked in excess of 40 hours per week throughout the relevant time period.

60.    At all relevant times, Defendants paid Plaintiffs a flat daily rate per workday, regardless of the number of hours worked per day or hours worked in excess of 40 per workweek.

61.    As a result of Defendants' willful failure to compensate Plaintiffs at a rate of one-and-one-half times their regular rate of pay for hours worked in excess of 40 per week, Defendants violated the FLSA, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

63.    Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

64.    Due to Defendants' willful FLSA violations, Plaintiffs are entitled to recover from Defendants (a) their unpaid overtime wages for all of the hours that they worked in excess of 40 per week during the relevant time period, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs.

## COUNT II
### (Collective FLSA Overtime Claims against both Defendants)
### Willful Failure to Pay Overtime Wages in Violation of the FLSA

65.    Plaintiffs seek to represent the following collective group of non-exempt employees who Defendants failed to pay all overtime wages due:

> All persons who were, or are, employed by Defendants as Linemen—or performing materially similar work as Linemen—at any time within three years prior to the filing of this Complaint who Defendants misclassified as independent contractors and failed to pay overtime at one-and-one-half times their regular rate of pay for time worked in excess of 40 hours per week.

This is the "Overtime Collective."

66.    At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiffs and the other members of the Overtime Collective, have handled or otherwise used materials that have been moved or produced in interstate commerce.

67.    At all relevant times, Defendant Pearcey asserted control of Emergent's day-to-day operations, and made the decisions regarding the amount that Plaintiffs and the other members of the Overtime Collective would be compensated, including the decision not to pay Plaintiffs and the other members of the Overtime Collective overtime pay for all hours worked in excess of 40 per week, and is therefore an employer within the meaning of the FLSA.

68.    At all relevant times, Defendants were "employer[s]" of Plaintiffs and the other Overtime Collective members, as that term is defined by 29 U.S.C. § 203(d).

69.    On information and belief, Defendants have had gross annual revenues in excess of $500,000 at all times relevant to this Complaint.

70.    Defendants are governed by and subject to 29 U.S.C. § 207.

71.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the other members of the Overtime Collective.

72.    The FLSA requires employers, such as Defendants, to compensate employees, such as Plaintiffs and the other members of the Overtime Collective, at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of 40 in each workweek.

73.    Defendants required Plaintiffs and other members of the Overtime Collective to work substantially more than 40 hours per workweek.

74.    As a systemic practice, Defendants (a) misclassified Plaintiffs and the other members of the Overtime Collective as independent contractors and (b) failed to pay Plaintiffs and the other members of the Overtime Collective at one-and-one-half times their regular rate when they worked in excess of 40 hours per week.  Instead, Defendants paid Plaintiffs and the other members of the Overtime

Collective a flat daily rate, regardless of the number of hours worked per day or per week.

75.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76.    Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the other members of the Overtime Collective.

77.    Defendants are liable to Plaintiffs and the other members of the Overtime Collective for: (a) all unpaid overtime wages during the relevant time period; (b) an additional and equal amount of liquidated damages for Defendants' violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs.

## COUNT III
### (Individual Minimum Wage Claims Asserted
### by Plaintiffs against both Defendants)
### Willful Failure Pay Minimum Wages in Violation of the FLSA

78.    Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiffs the minimum of $7.25 per hour for all hours worked.

79.    At all relevant times, Plaintiffs were engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

80.     The minimum-wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs.

81.     At all relevant times, Defendant Pearcey asserted control of Emergent's day-to-day operations, and made the decisions regarding the amount that Plaintiffs would be compensated, including the decision not to pay Plaintiffs any wages for an approximately two-week period in September 2021, and is therefore an employer within the meaning of the FLSA.

82.     At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206.

83.     On information and belief, Defendants have had gross revenues in excess of $500,000 at all times relevant to this Complaint.

84.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

85.     Defendants failed to pay Plaintiffs any wages for work performed during an approximately two-week period in September 2021.

86.     As a consequence of Defendants' failure to pay Plaintiffs any wages during an approximately two-week period in September 2021, Defendants failed to pay Plaintiffs the minimum wage of $7.25 per hour for all hours worked, in violation of the FLSA.

87.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

88.    Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

89.    Due to Defendants' willful FLSA violations, Plaintiffs are entitled to recover from Defendants (a) all unpaid minimum wages during the relevant time period, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs.

## COUNT IV
### (Collective Minimum Wage Claims against both Defendants)
### <u>Willful Failure to Pay Minimum Wages in Violation of the FLSA</u>

90.    Plaintiffs seek to represent the following collective group of non-exempt employees who Defendants failed to pay the federally-mandated minimum wage for all hours worked:

> All persons who were, or are, employed by Defendants as Linemen— or performing materially similar work as Linemen—at any time within three years prior to the filing of this Complaint and who did not receive minimum wage at the federally mandated rate for every hour worked.

This is the "Minimum Wage Collective."

91.     At all relevant times, Plaintiffs and the other members of the Minimum Wage Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206.

92.     At all relevant times, Defendant Pearcey asserted control of Emergent's day-to-day operations, and made the decisions regarding the amount that Plaintiffs and the other members of the Minimum Wage Collective would be compensated, including the decision not to pay Plaintiffs and the other members of the Minimum Wage Collective any base wages for an approximately two-week period in September 2021, and is therefore an employer within the meaning of the FLSA.

93.     At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

94.     Upon information and belief, Defendants have had gross annual revenues in excess of $500,000.

95.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and the other members of the Minimum Wage Collective within the meaning of the FLSA.

96.     The minimum-wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the other members of the Minimum Wage Collective.

97.   The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiffs and the other members of the Minimum Wage Collective, at the federal minimum wage of $7.25 for each hour worked.

98.   During the relevant time period, and as a widespread practice, Defendants failed to pay Plaintiffs and the other members of the Minimum Wage Collective the federal minimum wage for all hours worked.

99.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

100.   Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the other members of the Minimum Wage Collective.

101.   Defendants are liable to Plaintiffs and the other members of the Minimum Wage Collective for: (a) all unpaid minimum wages during the relevant time period; (b) an additional and equal amount of liquidated damages; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## COUNT V
## Breach of Contract—Failure to Pay Wages
## (Asserted by Plaintiffs against Emergent)

102.   Emergent agreed to pay Plaintiffs set daily-rate compensation for services rendered, forming an employment contract with Plaintiffs.

103.   The employment contract imposed a duty of good faith and fair dealing upon Emergent.

104.   Plaintiffs each fully performed their respective contractual obligations.

105.   Emergent promised Plaintiffs the compensation in exchange for which Plaintiffs accepted their positions with Emergent and performed valuable services for Emergent.

106.   Plaintiffs relied upon Emergent's compensation promises in accepting their positions with Emergent and performing valuable services for Emergent.

107.   In breach of their employment contracts, Emergent failed to pay Plaintiffs approximately two weeks' wages to which they are entitled.

108.   Emergent is liable to Plaintiffs for breach of contract in the full amount of the wages due to them, plus interest and attorneys' fees and costs.

## COUNT VI (PLED IN THE ALTERNATIVE)
### Quantum Meruit
### <u>(Asserted by Plaintiffs against Emergent)</u>

109.   In the alternative, Emergent is liable to Plaintiffs for *quantum meruit* in the full amount of compensation owed to them, plus interest and attorneys' fees and costs.

110.   In reliance on the representation by Emergent that they would be paid all compensation owed and promised, Plaintiffs accepted their positions with Emergent and performed valuable services for Emergent.

111.   The services Plaintiffs performed for Emergent were done at the request of Emergent, which knowingly accepted such services.

112.   Emergent's acceptance of Plaintiffs' services without payment to them of the wages promised would be unjust.

113.   At the time Plaintiffs performed services for Emergent, they each expected to be paid all compensation owed and promised.

114.   At the time Plaintiffs performed services for Emergent, Emergent knew that they each expected Emergent to pay them all wages owed and promised.

115.   Emergent is liable to Plaintiffs for *quantum meruit* in the full amount owed, plus interest and attorneys' fees and costs.

## COUNT VII (PLED IN THE ALTERNATIVE)
### Promissory Estoppel
### (Asserted by Plaintiffs against Emergent)

116.   In the alternative, Emergent is liable to Plaintiffs for promissory estoppel pursuant to O.C.G.A. § 13-3-44 in the full amount owed, plus interest and attorneys' fees and costs.

117.   Emergent promised Plaintiffs that Emergent would compensate each of them for services they provided by paying them the agreed-upon compensation.

118.   Emergent should have reasonably expected Plaintiffs to rely on its promise to pay them the full wages that they each were owed and promised.

119.   In reliance on the representation by Emergent that they each would be paid the full compensation owed and promised, Plaintiffs accepted their positions with Emergent and performed valuable services for Emergent.

120.   Plaintiffs each relied on Emergent's promise to their detriment by performing valuable services for Emergent instead of pursuing other opportunities.

121.   Injustice can only be avoided by enforcing Emergent's promise to pay Plaintiffs the full amount of wages owed and promised to them.

122.   Emergent is liable to Plaintiffs for promissory estoppel pursuant to O.C.G.A. § 13-3-44 in the full amount owed and promised, plus interest and attorneys' fees and costs.

## COUNT VIII (PLED IN THE ALTERNATIVE)
### Unjust Enrichment
### (Asserted by Plaintiffs against Emergent)

123.   In the alternative, Emergent is liable to Plaintiffs for unjust enrichment in the amount of the full wages owed, plus interest and attorneys' fees and costs.

124.   Emergent promised Plaintiffs that Emergent would compensate them for valuable services that they each provided by paying them the wages owed and promised to them.

125.   Emergent requested that Plaintiffs perform valuable services for its benefit, and knowingly accepted such services, with the full knowledge that Plaintiffs each performed such valuable services because of Emergent's promise to pay them the full compensation agreed upon.

126.   In reliance on the representation by Emergent that they would be paid the full compensation promised, Plaintiffs each performed valuable services for Emergent and thereby conferred a benefit to Emergent.

127.   Injustice can only be avoided by enforcing Emergent's promise to pay Plaintiffs the full compensation owed to them.

128.   Emergent is liable to Plaintiffs for unjust enrichment in the amount of the full compensation owed, plus interest and attorneys' fees and costs.

## COUNT IX
## Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11
## (Asserted by Plaintiffs against Emergent)

129.   Emergent has acted in bad faith, including, but not limited to, its breach of the employment contract, by failing to pay Plaintiffs wages to which they are entitled.

130.   In refusing to pay Plaintiffs the wages that they are owed, Emergent has caused Plaintiffs unnecessary trouble and expense.

131.   Pursuant to O.C.G.A. § 13-6-11, Emergent is liable for Plaintiffs' expenses of litigation, including attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all other members of the FLSA Collectives who join this action demand a **TRIAL BY JURY** and request the entry of a judgment granting the following relief:

a)   Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated persons employed by Defendants during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this

action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b)  A declaratory judgment that Defendants' practices complained of herein violated the FLSA;

c)  Application of the FLSA's three-year statute of limitations;

d)  An award of unpaid overtime compensation due under the FLSA to Plaintiffs and the other members of the Overtime Collective;

e)  An award of liquidated damages as a result of Defendants' failure to pay overtime wages to Plaintiffs and the other members of the Overtime Collective;

f)  An award of unpaid minimum wages due under the FLSA to Plaintiffs and the other members of the Minimum Wage Collective;

g)  An award of liquidated damages as a result of Defendants' failure to pay minimum wages to Plaintiffs and the other members of the Minimum Wage Collective;

h)  With respect to Plaintiffs' state-law claims, an award to Plaintiffs of all wages due to them;

i)  An award of prejudgment and post-judgment interest;

j)      An award of costs and expenses of this action, together with

reasonable attorneys' and expert fees; and

k)      Such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of November 2021.

/s/ Justin M. Scott
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiffs